# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES R. SADA,**

    **Plaintiff,**

-vs-               Case No. 6:09-cv-506-Orl-31KRS

**CITY OF ALTAMONTE SPRINGS,
ROBERT PELTON, BRIAN LYPSEY,
ROBERT SHAPIRO, KRISTOFFOR
TOMICH, and TROY ANTOLIN,**

    **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 14) filed by Defendant City of Altamonte Springs (the "City") and the response (Doc. 30) filed by the Plaintiff, James R. Sada ("Sada").

### I.   Background

The instant suit arises from an incident that occurred on March 21, 2007. According to the allegations of the Complaint (Doc. 1), which are accepted as true for purposes of resolving the instant motion, Sada was shopping at a Sears store in Altamonte Springs that day. (Doc. 1 at 4). When Sada's son refused to stop using Sada's cell phone, he took it away and threw it on the floor. (Doc. 1 at 4-5). A Sears employee then twice "approached" Sada, and Sada twice told the employee not to do so. (Doc. 1 at 5). He then left the store. (Doc. 1 at 5). Representatives of the Sears store "became concerned and called the police." (Doc. 1 at 5).

After leaving the store, Sada spent 45 minutes in the parking lot, standing by his car and waiting for his family to finish shopping. (Doc. 1 at 6). Defendants Robert Pelton ("Pelton") and Robert Shapiro ("Shapiro"), both law enforcement officers employed by the City, blocked Sada's vehicle with their own and asked Sada if something was bothering him. (Doc. 1 at 6). Sada indicated that he was angry with his son for showing him a lack of respect, but when Pelton asked him to explain, he declined. (Doc. 1 at 6-7). Three additional officers arrived on the scene, including Defendant Brian Lypsey ("Lypsey"), who took charge and immediately became belligerent toward Sada. (Doc. 1 at 7).

Sada told Lypsey and the other officers that he was a former police officer and an acquaintance of the Altamonte Springs chief of police, and that they could call the chief "to vouch for Sada's character and being a lack of threat to any officer." (Doc. 1 at 8). Lypsey told Sada to shut up, then instructed the other officers to arrest him because of his name-dropping. (Doc. 1 at 8-9). Sada was arrested for disorderly conduct on the premises of an establishment pursuant to Florida Statute § 509.143 and for battery of a minor child pursuant to Florida Statute § 784.03. (Doc. 1 at 9).

Several of the officers coached witnesses to make untruthful statements (Doc. 1 at 10) and provided false affidavits (Doc. 1 at 12) concerning the events leading up to Sada's arrest. Based on the coached statements and the false affidavits, the trial court at Sada's initial appearance found that probable cause had existed for his arrest. (Doc. 1 at 12). The State Attorney filed an information against Sada for disorderly conduct pursuant to § 877.03, Fla. Stat. (Doc.1 at 12). When Sada retained counsel and filed a motion to dismiss the information, the State Attorney did not oppose it. (Doc. 1 at 13). The trial court then dismissed the information. (Doc. 1 at 13).

Sada filed the instant suit on March 20, 2009.[1]  He raises the following claims against the City: a Section 1983 claim for violation of his First and Fourth Amendment rights (Count I); false arrest (Count III); malicious prosecution (Count IX); negligent training and supervision (Count X); and negligent retention (Count XI).  The City seeks dismissal of all of the claims, though on different bases.

**II.    Legal Standards**

A.    Rule 12(b)(6)

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must view the complaint in the light most favorable to the Plaintiff,. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[1]This is not Sada's first suit regarding this incident.  On July 25, 2008, he filed a similar suit against the same parties in state court.  That case was removed to the United States District Court for the Middle District of Florida, and in November 2008 Judge Patricia Fawsett granted motions to dismiss filed by the Defendants, giving Sada ten days to amend his complaint.  Sada did not do so, and that case was dismissed.

B.   Section 1983 and Municipal Liability

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity.

42 U.S.C. § 1983.

Entities of local government are "persons" for purposes of Section 1983. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A municipality can be found liable under Section 1983 only where the municipality itself causes the constitutional violation at issue; *respondeat superior* or vicarious liability will not attach under Section 1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1997). Thus, only when a 'policy or custom' of the municipality inflicts the injury does § 1983 liability exist. *Id.* A municipality's failure to adequately train employees constitutes an actionable policy or custom for purposes of Section 1983 only where the failure to train amounts to deliberate indifference to the rights of persons with whom the employees come into contact. *Id.* at 388 (1997).

**III.   Analysis**

**1.   Section 1983 Claim**

In Count I, Sada complains that his First and Fourth Amendment rights were violated, but does so in a conclusory and sometimes contradictory fashion. Despite the prohibition on *respondeat superior* or vicarious liability under Section 1983, Sada attempts to hold the City itself liable for the actions of the officers in arresting him (rather than the custom or policy leading to the arrest). (Doc. 1 at 15). He also makes boilerplate allegations that the City had "a policy of

inadequate training and supervision" of its officers in applying state disorderly conduct and domestic battery laws, reflecting "a deliberate indifference to a citizen's constitutional right to be free from seizure and arrest for exercising free speech or exercising parental discipline privileges in public." (Doc. 1 at 15-16). This singular policy then morphs into "customs and policies of inadequate training, supervision and discipline" that allegedly result in "[the] City's violations of Sada's constitutionally protected rights[2] of free speech and to be free from unlawful search and seizure." (Doc. 1 at 16).

Sada never identifies the deficiency or deficiencies in the policy (or customs and policies) that allegedly caused the constitutional violations. Did the City ignore reports that its officers did not know that they needed probable cause before making an arrest? Should the police have been trained that name-dropping is not disorderly conduct? Did the City condone witness intimidation and the filing of false affidavits? The reader is left in the dark. Such a mechanical recitation of the elements of a deliberate indifference claim is insufficient to survive a motion to dismiss.

### 2. Fla. Stat. § 509.143

The City argues that Fla. Stat. § 509.143(3) compels dismissal of Sada's claims. (Although the City does not specify which claim or claims might be subject to this statutory immunity, the Court assumes it applies only to the false arrest claim (Count III).) Section 509.143, which is concerned with disorderly conduct on the premises of a commercial establishment, provides in pertinent part that

> (1) An operator may take a person into custody and detain that person in a reasonable manner and for a reasonable time if the operator has probable cause to believe that

---

[2] Rather than the arresting officers' violations of Sada's constitutionally protected rights

-5-

> the person was engaging in disorderly conduct in violation of § 877.03 on the premises of the licensed establishment and that such conduct was creating a threat to the life and safety of the person or others. The operator shall call a law enforcement officer to the scene immediately after detaining a person under this subsection.
>
> . . .
>
> (3) An operator or a law enforcement officer who detains a person under subsection (1) or makes an arrest under subsection (2)[3] is not civilly or criminally liable for false arrest, false imprisonment, or unlawful detention on the basis of any action taken in compliance with subsection (1) or subsection (2).

At this stage of the proceedings, the prerequisites for application of this statute have not been met. Subsection (3) only applies where the detention occurs in compliance with subsection (1). Subsection (1) requires that the operator have probable cause to believe that the person arrested is violating Section 877.03 and creating a threat to life and safety. In Sada's version of the events that day, he was not being disorderly or threatening the life and safety of others, and he does not admit doing anything that would have given a Sears employee (or a police officer, for that matter) probable cause to believe he was doing so. Accepting Sada's recounting as true for purposes of resolving this motion, Section 509.143 does not apply.

### 3. Fla. Stat. § 768.28(9)

The City contends that the malicious prosecution claim against it (Count IX) must be dismissed on the basis of Fla. Stat. 768.28(9), which provides that

> The state or its subdivision shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

---

[3] In its brief, the City does not argue that subsection (2) applies in the instant case, focusing instead on subsection (1). (Doc. 14 at 8-9).

Florida courts have held that this section bars a malicious prosecution action against a city. *See City of Coconut Creek v. Fowler*, 474 So. 2d 820 (Fla. 4th DCA 1985) (reversing jury verdict against city due to lack of factual basis and because Fla. Stat. § 768.28(9) barred the claim). Sada did not respond to this argument. Count IX will therefore be dismissed, with prejudice.

### 4. Sovereign Immunity

The City contends that Counts X (negligent training and supervision) and XI (negligent retention) are barred by sovereign immunity. There is no sovereign immunity barrier to stating a claim against a government entity for negligent retention or supervision. *Slonin v. City of West Palm Beach*, 896 So. 2d 882 (Fla. 4th DCA 2005) (citing *Trianon Park Condominium Assoc. v. Hialeah*, 468 So. 2d 912 (Fla. 1985)). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 14) filed by Defendant City of Altamonte Springs is **GRANTED IN PART AND DENIED IN PART**. Count I is **DISMISSED WITHOUT PREJUDICE**. Count IX is **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED.** On or before October 19, 2009, Sada may file an amended complaint that cures the deficiencies identified in Count I. Should he fail to do so by that date, the dismissal without prejudice of his Section 1983 claim against the City will be converted to a dismissal with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 5, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party