# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES R. SADA,**

        **Plaintiff,**

**-vs-**                                 **Case No.  6:09-cv-506-Orl-31KRS**

**CITY OF ALTAMONTE SPRINGS,**
**ROBERT PELTON, BRIAN LYPSEY,**
**ROBERT SHAPIRO, KRISTOFFOR**
**TOMICH, and TROY ANTOLIN,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **SADA'S, WELLS' AND FINCH'S MOTION FOR LEAVE TO**
> **DEPOSE ATTORNEY FEE EXPERTS OF DEFENDANTS, TO**
> **ALLOW FILING OF AN AFFIDAVIT OF PLAINTIFFS'**
> **ATTORNEY FEE EXPERT AND FOR LEAVE FOR**
> **PLAINTIFFS' ATTORNEY FEE EXPERT TO INSPECT**
> **DEFENDANTS' FILES IN PREPARATION OF OPINION**
> **(Doc. No. 285)**
>
> **FILED:**    **August 3, 2012**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED**
> in part.

On February 15, 2012, the Court ordered Defendants to file their itemized billing records on

or before February 29, 2012.  Doc. No. 261 at 19-20.  The Court gave Plaintiff until March 12, 2012

to file objections to the amounts sought.  The Court also permitted Plaintiff to request an evidentiary hearing on the issue of fees.  *Id.* at 20.

On February 29, 2012, Defendants filed and served their billing records supported by an affidavit of counsel.  Doc. No. 264.  On March 12, 2012, Plaintiff filed his objection and requested an evidentiary hearing and discovery regarding attorney's fees.  Doc. No. 265.  The Court scheduled an evidentiary hearing on July 10, 2012, which hearing was later rescheduled to August 23, 2012.  Doc. Nos.  276, 280.  The Court denied the request for discovery but allowed Plaintiff to submit an expert fee affidavit on or before July 27, 2012.  Doc. No. 282.

On July 20 and 26, Defendants filed affidavits of their fee experts.  Doc. Nos. 283, 284.  Plaintiff did not submit his own expert fee affidavit.  Instead, on August 3, 2012, Plaintiff renewed the request for discovery and, again, sought leave to file an expert fee affidavit.  Doc. No. 285.

Defendants' fee experts indicate in their respective affidavits that they have reviewed the pleadings, billing records and discovery in this case, and one of the experts also reviewed correspondence in the case.  Doc. No. 283-1 ¶ 8; Doc. No. 284 ¶ 11.  Plaintiff already has access to the documents reviewed by Defendants' experts.  Defense counsels' billing records were served on Plaintiff on February 29, 2012.  Plaintiff's counsel have always had access to the papers filed electronically in this case.  Plaintiff's counsel also has the discovery served in the case and correspondence between counsel.  As such, there is no good cause warranting discovery on the fee dispute.

Plaintiff does not explain why he did not timely file his expert witness fee affidavit on July 27, 2012, as ordered by the Court.  Nevertheless, Defendants do not object to the request that Plaintiff

be allowed to submit an expert fee affidavit belatedly.  At this late stage of the proceedings, however, Plaintiff's expert fee affidavit must be submitted promptly so as not to delay the evidentiary hearing set by the Court.

Accordingly, the motion is granted as to the request by Plaintiff to submit an expert fee affidavit and denied in all other respects.  it is **ORDERED** that Plaintiff shall file and serve his expert fee affidavit on or before August 13, 2012.

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2012.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE